Filed 8/4/23  P. v. Perry CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093086 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F05978) |
| v. | OPINION ON TRANSFER |
| JONATHAN LAMAR PERRY, | |
| Defendant and Appellant. | |

This appeal comes to us styled as a request made pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Defendant Jonathan Lamar Perry "disciplined" his girlfriend's four-year-old son with a "whuppin" so severe the child died as a result of the injuries.  The injuries included a laceration of the liver, brain hemorrhages, multiple cerebral bruises in the front and temporal lobes and the right occipital lobe of his brain, and skull fractures that caused the child's brain to swell such that vital structures herniated in an area of the brain

1

that controls respiration and his heartbeat suffered, killing the child. (*People v. Perry* (Nov. 28, 2012, C068456 [nonpub. opn.].)) A jury convicted defendant of second degree murder (count 1; Pen. Code, § 187, subd. (a); statutory section citations that follow are found in the Penal Code unless otherwise stated) and assault resulting in the death of a child under age eight (count 2; § 273ab). The jury also convicted defendant of felony child abuse as against his girlfriend's three-year-old son for separate acts of abuse (count 3; § 273a, subd. (a)). (*People v. Perry,* C068456, *supra.*) The trial court sentenced him to a term of 25 years to life for the assault resulting in death of a child, imposed and stayed under section 654 a 15 year to life sentence for second degree murder, plus a four-year term for child abuse.

In July 2020, defendant filed a petition for resentencing under section former 1170.95 (former section 1170.95 has since been renumbered section 1172.6, with no change in text [see stats. 2022, ch. 58, § 10]). The court appointed counsel and the parties briefed the issue. The court denied the motion, concluding defendant was not entitled to relief as he was not tried on a felony-murder theory and defendant was the sole person who inflicted the "fatal blows"; that is, he was the actual killer, not an accomplice to a different act.

Defendant appealed and appointed counsel for defendant asked this court independently to review the record pursuant to *Wende*. Defendant was advised by counsel of the right to file a supplemental brief. Defendant filed a document that appears to be an attachment to a parole board hearing and includes descriptions of how his life would be impacted by commutation of his sentence, apology letters, relapse prevention plans, and plans for release. The document does not include any legal arguments or claims asserting the trial court erred in denying his petition.

We dismissed the appeal as abandoned. (*People v. Perry* (Sep. 22, 2021, C093086 [nonpub. opn.].)) The California Supreme Court granted review of the case and later transferred the matter back to this court with instructions to vacate the dismissal and

reconsider the case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). This court vacated the dismissal.

We have considered the documents defendant filed and find no viable claims of error in the trial court's order. Defendant makes no claim there was procedural error and he does not challenge the trial court's conclusion he was the actual killer, indeed he acknowledges that he was. We affirm the trial court's order.

DISPOSITION

The order denying defendant's resentencing petition is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

KRAUSE, J.

_____

BOULWARE EURIE, J.